### G. H. Forbes v. The State.

No. 7623.　Decided October 17, 1923.

**Misdemeanor Theft—Check—Sufficiency of the Evidence.**

Where the testimony showed that defendant endorsed a check and placed it so State's witness could take it while the latter counted out the money, but in some way this check found its way into defendant's pocket, and he again received its face value in groceries and money, the evidence is sufficient to sustain the conviction of a fraudulent taking.

Appeal from the County Court of Donley. Tried below before the Honorable W. T. Link.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25.00 and five days confinement in the county jail.

The opinion states the case.

*Cole & Simpson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is theft, a misdemeanor; punishment fixed at a fine of twenty-five dollars and confinement in the county jail for a period of five days.

Barnes gave appellant a check for forty-eight dollars, which he presented to one Stephens, a member of the firm of Stephens & Cox, with the request that his account for $6.45 be cancelled and that he be paid the excess in money. This was done. Some days later, appellant purchased some articles at the store of one Taylor and pre-

sented the same check, requesting Taylor to deduct the amount of the purchases and pay him the balance in cash. Taylor indorsed the check and got one Trent to cash it, giving to appellant the money in excess of the amount of the purchases. The bank refused to pay the check because Stephens & Cox had requested that payment be stopped. Taylor then took the matter up with appellant and he induced Barnes to satisfy Stephens & Cox. This was done, and appellant, in turn, reimbursed Barnes.

Appellant's testimony is to the effect that he indorsed the check and laid it on the scales or the counter in the store of Stephens & Cox; that Stephens counted out the money and also laid it on the scales or the counter; that he picked up the money and walked out; that he afterwards found the check in his pocket, but did not know how it came there unless he had unconsciously picked it up with the money, or had inadvertently put it in his pocket after indorsing it. Some days later he went to the store of Taylor and delivered the check, receiving its face value in groceries and money. He knew at the time that the check belonged to Stephens & Cox, but he was expecting to receive some money from his brother with which he intended to reimburse them. This money he failed to receive. Upon Taylor's demand that he make good the check, he got Barnes, the maker of the check, to induce Stephens & Cox to release their claim to it, he subsequently paying Barnes by working for him.

Stephens testified that after he had agreed to take the check, appellant indorsed it and laid it on the scales; that he (Stephens) picked it up and put it among a number of other checks which he had just taken from the cash drawer; that he also took some money out of the cash drawer, but lacking ten dollars of having enough money to pay appellant the difference between the amount of the check and his account, he requested his partner Cox to give him some money out of the safe, which he did. Stephens and appellant were standing close to each other, and Stephens observed him all the time except perhaps at the time that Cox was delivering him the ten dollars. A short time after appellant had left the store, the check was missed and the bank was instructed to withhold payment thereof. Appellant had previously been convicted of theft.

Appellant challenges the sufficiency of the evidence, stressing the fact that Stephens, on cross-examination, said *that at the time he turned to get the ten dollars from his partner, he had not paid any consideration for the check, and that if the check was stolen, it was during the instant that Stephens turned to get the change.* Not this isolated conclusion of Stephens, but all the evidence must be considered in support of the judgment. According to appellant's testimony, he did not leave the check on the premises of Stephens & Cox. He soon after discovered it in his possession but made no effort to

restore it. Afterwards, by a transaction similar to that through which he had obtained the money from Stephens & Cox, he again obtained the value of the check, and only after he had been taxed with the apparent fraud prepetrated upon Taylor and Trent, did he attempt to make reparation. The evidence, in our judgment, is sufficient to support the finding of the court that the check was fraudulently obtained with the intent to appropriate its value to the appellant, and that this intent was formed at the time he took possession of it. Whether he acquired possession of it at the moment that Stephens turned to get the ten dollars from his partner or afterwards, the check had previously been delivered to Stephens and he had agreed to cancel the account against appellant and had taken possession of the check. According to Stephens' testimony, appellant received the money at the time that he (Stephens) received the check. Appellant's testimony is to the same effect. If, however, the check came into appellant's possession without his knowledge, the evidence is sufficient to support the judgment. The check being in his possession without his knowledge and its whereabouts being unknown to Stephen & Cox, it was in the situation of lost property, until discovered by appellant. If on the discovery, he formed the intent to appropriate it and did do so, he was guilty of theft under the rule applicable to lost property. Branch's Ann. Tex. P. C., Sec. 2499. Appellant's testimony is to the effect that when he found the check he did not intend to appropriate it. The circumstances are deemed sufficient to repel this thory.

The record revealing no erorr, the judgment is affirmed.

*Affirmed.*